UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COX WOOD REMOVAL AND LAWN CARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BIK BOOM TRUCKS LLC, <br><br> Defendant. | Case No. 3:22-CV-694-CCB-SJF |

## ORDER

Cox Wood Removal and Lawn Care, LLC ("Cox Wood Removal") sued BIK Boom Trucks, LLC ("BIK") asserting claims for breach of contract, revocation of acceptance, negligence, and breach of express and implied warranties. [DE 2.] BIK moved for summary judgment on Cox Wood Removal's claims. [DE 23.]

### Factual Background

Kalum J. Cox is the owner and managing member of Cox Wood Removal. [DE 31-1, pg. 2, ¶ 1.] Mr. Cox negotiated with BIK, on behalf of Cox Wood Removal, for the purchase of a new BIK Tree-Care Series TC-106-65 ton/m Knuckle Boom truck ("Boom Truck") intended for large tree removal and trimming. [DE 31-1, pg. 2-3, ¶¶ 1-5.] On March 21, 2021, Cox Wood Removal entered a contract with BIK to buy the Boom Truck for $520,690 ("Contract"). [DE 31-1, pg. 2-3, ¶¶ 3-4; DE 31-1, Ex. A, pg. 16.] The Contract included a one-year warranty for parts and labor as well as a three-year warranty on structural components. [DE 31-1, pg. 2, ¶ 3; DE 31-1, pg. 4, ¶ 8; DE 31-1, Ex. A, pg. 16.] Further, the Contract required BIK to deliver the Boom Tuck and provide technical support to help familiarize Cox Wood Removal with the Boom Truck. *Id.*

The Contract did not reference any other terms that would be finalized upon delivery, or at any point in the future. [DE 31-1, pg. 6, ¶ 17; DE 31-1, Ex. A, pg. 16.]  Further, Mr. Cox was never advised that he would need to sign additional documents upon delivery, or that he would be required to release claims against BIK as a condition of the Boom Truck's delivery. *Id.*

On July 7, 2021, BIK delivered the Boom Truck. [DE 31-1, pg. 4-5, ¶ 14.]  Upon arrival, the delivery driver presented Mr. Cox with a partially completed New Machine Inspection/First Delivery document which was dated for June 2021 and included a blank space where the day of the week was to be included. ("Delivery Document") [DE 31-1, pg. 4-5, ¶ 14; DE 31-1, Ex. B, pg. 18.] The delivery driver did not give Mr. Cox the opportunity to inspect the Boom Truck to confirm that the pre-completed portions of the Delivery Document were filled in accurately. [DE 31-1, pg. 5, ¶ 15.] Further, the driver told Mr. Cox that if he did not sign the Delivery Document immediately, he could not give Cox Wood Removal possession of the Boom Truck. *Id.* Mr. Cox ultimately signed the Delivery Document as the delivery driver insisted, without having a chance to inspect the Boom Truck. [DE 31-1, pg. 5, ¶ 16.]  The Delivery Document included the following language:

> The undersigned herby confirms: all items in the checklist have been satisfactorily performed or if found initially to be unacceptable have been corrected; the machine is in good condition; and receipt from BIK of the manufacturer's parts, service, operator and safety manuals.
>
> The undersigned herby represents and warrants to BIK that the undersigned: (i) has now or will obtain the requisite knowledge to safely operate the machine; (ii) has not requested from nor relied upon BIK for training; (iii) has located and read all of the notice stickers on the machine before accepting delivery; (iv) will ensure that each of the Undersigned employees and agents is trained to safely operate the machine and has read all such notice stickers, if any, before operating the machine.
>
> THE UNDERSIGNED IN CONSIDERATION OF THE DELIVERY OF THE MACHINE HEREBY RELEASES AND FOREVER DISCHARGES BIK FROM ANY AND ALL COSTS, EXPENSES AND COMPENSATION WHATSO-EVER OR DAMAGES (INCLUDING CONSEQUENTIAL) RESULTING IN ANY WAY FROM THE PURCHASE AND/OR OPERATION OF THE MA-CHINE BY THE PURCHASER HIS/ITS EMPLOYEES, AGENTS OR ANY OTHER PERSON OR THE FAILURE OF THE MACHINE TO OPERATE.

[DE 31-1, Ex. B, pg. 18.]

During the ensuing months, the Boom Truck experienced a litany of technical problems. At times BIK sent a mechanic to Cox Wood Removal's facility for repairs. [DE 31-1, pg. 7, ¶ 23; DE 31-1, pg. 9-10, ¶ 38.] In other instances, BIK took the Boom Truck to Canada for repairs. [DE 31-1, pg. 8, ¶ 35; DE 31-1, pg. 12, ¶ 52.] Despite their efforts, the parties were never able to resolve the problems with the Boom Truck. Cox Wood Removal hired a company to conduct an inspection on the Boom Truck. [DE 31-1, pg. 13, ¶ 57.] The Boom Truck failed the inspection because of a number of serious defects. [DE 31-1, pg. 13, ¶ 58; DE 31-1, Ex. D, pg. 22-26.] Despite Cox Wood Removal's demands, BIK never agreed to refund the price of the Boom Truck and BIK never took additional steps to make repairs or otherwise compensate Cox Wood Removal. [DE 31-1, pg. 13, ¶ 61.]

## Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court must not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court does not have to conduct research or develop arguments for parties either. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

"To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters.*, Inc., 834 F.3d 760 (7th Cir. 2016). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted).

## Analysis

Cox Wood Removal sued BIK asserting claims for breach of contract, revocation of acceptance, negligence, and breach of express and implied warranties. [DE 2.] BIK contends it is entitled to summary judgment because Cox Wood Removal waived these claims when Mr. Cox signed the Delivery Document, which included a release clause. [DE 24.] Cox Wood Removal contends that the release clause materially alters the Contract, therefore it is unenforceable. [DE 32, pg. 7-9.] To prevail on its motion for summary judgment, BIK must show that there is no genuine dispute about the enforceability of the release clause in the Delivery Document, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

This Court will apply the substantive law of Indiana to interpret the scope of the Contract. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The central issue is whether the release clause in the Delivery Document became part of the Contract. Under Ind. Code § 26-1-2-207, which governs the inclusion of additional terms to contracts for the sale of goods, it states:[1]

---

[1] Cox Wood Removal contends that Indiana's Uniform Commercial Code ("UCC") applies but does not present evidence that the Boom Truck is a "good" under Ind. Code § 26-1-2-105, or whether the parties are

4

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>  (a) the offer expressly limits acceptance to the terms of the offer;
>  (b) they materially alter it; or
>  (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

Ind. Code § 26–1–2–207. A new term is a material alteration "if its incorporation into the contract without express awareness by the other party would result in surprise or hardship." *Maxon Corp. v. Tyler Pipe Indus., Inc.*, 497 N.E.2d 570, 576 (Ind. Ct. App. 1986) (quoting 2 Hawkland, Uniform Commercial Code Series 107 (1984)). In *Maxon*, a seller attempted to include an indemnification provision in an invoice after the purchase order had been accepted by the buyer. 497 N.E.2d. at 572. This provision was considered a material alteration to the original purchase order because it would have imposed hardship on the buyer by adding significant new duties that were not part of the initial agreement. *Id.* at 576. Thus, the Indiana Court of Appeals held that the new term was a material alteration and was not enforceable without the buyer's express awareness. *Id.* Here, as in *Maxon*, the new clause would impose a hardship if incorporated in the contract. The Contract between BIK and Cox Wood Removal includes a one-year warranty for parts and labor, as well as a three-year warranty on structural components for Cox Wood Removal. [DE 31-1, pg. 2, ¶ 3; DE 31-1, Ex. A pg. 16.] Adding the release clause to the Contract would seemingly conflict with the warranty because the release clause purports to relieve BIK from a wide range of liabilities stemming from the purchase and operation of the Boom Truck and would, therefore, result in hardship for Cox Wood

---

"merchants" under Ind. Code § 26–1–2–207. [DE 32, pg. 7.] It remains BIK's burden to show that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). BIK has not replied to Cox Wood Removal's contention about the applicability of the UCC provisions. Thus, the Court will evaluate the relevant facts and law under Ind. Code §§ 26-1-1-0.2 *et seq.* to consider whether there are genuine issues of material fact that preclude summary judgment.

5

Removal if the Boom Truck is defective. [DE 31-1, Ex. B, pg. 18.] Thus, this clause may not become part of the Contract without Cox Wood Removal's express awareness.

To succeed on its motion for summary judgment, BIK must demonstrate that there is no genuine dispute of material fact regarding Mr. Cox's "express awareness" and acceptance of the release clause on behalf of Cox Wood Removal. Fed. R. Civ. P. 56; *Maxon*, 497 N.E.2d at 576. However, BIK has not designated evidence that directly addresses this issue. [DE 23-1.] While the Delivery Document was signed by Mr. Cox, there is no evidence indicating that Mr. Cox was expressly aware of the release clause contained in the Delivery Document. [DE 23-1, pg. 5.] Conversely, Cox Wood Removal has designated evidence that Mr. Cox was not expressly aware of the new term.

According to the evidence designated by Cox Wood Removal, Mr. Cox was the primary negotiator for the purchase of the Boom Truck. [DE 31-1, pg. 2-3, ¶¶ 1-5.] The Contract did not state that any additional terms were to be finalized upon delivery or at any future time. [DE 31-1, pg. 6, ¶ 17.] When the delivery driver arrived, he presented Mr. Cox with the Delivery Document which contained the release clause. [DE 31-1, pg. 4-5, ¶ 14; DE 31-1, Ex. B, pg. 18.] The driver insisted that if Mr. Cox did not sign the Delivery Document, he would not give possession of the Boom Truck. [DE 31-1, pg. 5, ¶15.] The release clause purported to represent that the signer "has not requested from nor relied upon BIK for training" even though the Contract required BIK to provide technical support. [DE 31-1, Ex. B, pg. 18; DE 31-1, Ex. A pg. 16.] The release clause also purported to release BIK from "all costs" and "expense" arising from the operation of the Boom Truck, even though the Contract contained warranties for parts, labor, and structural components. *Id.* Mr. Cox ultimately signed the Delivery Document as the delivery driver insisted. [DE 31-1, pg. 5, ¶ 16.] Mr. Cox remained unaware that by signing the Delivery Document he might release possible claims against BIK. [DE 31-1, pg. 6, ¶ 17.] The evidence presented by Cox Wood Removal presents

6

a genuine issue of material fact as to whether Mr. Cox had express awareness of the release clause contained in the Delivery Document.  Therefore, BIK is not entitled to judgment as a matter of law and BIK's motion for summary judgment must be denied.

## Conclusion

For the reasons stated above, summary judgment is not appropriate because there is a genuine issue of material fact.  Fed.R.Civ.P. 56(a).  Accordingly, Defendant BIK Boom Truck, LLC's Motion for Summary Judgment [DE 23] is DENIED.

SO ORDERED.
September 30, 2024

                                                  /s/ *Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT